IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| KURT M., | : | Case No. 1:23-cv-459 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Karen L. Litkovitz |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 12)**

This action is before the Court upon the Report and Recommendation (the "Report") (Doc. 12) of United States Magistrate Judge Karen L. Litkovitz, to whom this case is referred pursuant to 28 U.S.C. § 636(b). In the Report, Magistrate Judge Litkovitz recommends overruling Plaintiff's Statement of Specific Errors (Doc. 7) and affirming the Commissioner of Social Security's non-disability finding. (*See* Doc. 12.) Plaintiff filed timely objections (Doc. 13). Thus, the matter is ripe for the Court's review.

The Court finds that Plaintiff's objections do not present any new arguments that were not otherwise set forth in his Statement of Specific Errors (Doc. 7). The arguments in the Statement of Specific Errors were thoroughly and properly addressed and rejected by Magistrate Judge Litkovitz. Accordingly, these general objections fail to preserve any issues for review, as rehashing the same arguments made previously defeats the purpose and efficiency of the Federal Magistrate's Act. *See* 28 U.S.C. § 636; *Gilmore v. Russian*, No. 2:16-CV-1133, 2017 U.S. Dist. LEXIS 93843, at *1 (S.D. Ohio June 19, 2017) (citing *Howard*

*v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object.")). Nonetheless, the Court will address Plaintiff's objections to ensure a clear statement of the basis for the Court's findings.

Plaintiff first objects to Magistrate Judge Litkovitz's finding by arguing that the ALJ "reversibly erred in selectively focusing on the evidence that supports his conclusion, to the exclusion of the evidence as a whole." (Objections, Doc. 13, Pg. ID 1744.) But, as discussed at length by Magistrate Judge Litkovitz, the ALJ "reasonably considered the factors contained in 20 C.F.R. § 404.1529(c)(3) in evaluating the severity of [P]laintiff's pain and other symptoms." (Report, Doc. 12, Pg. ID 1739; *see also* ALJ Decision, Doc. 6-2, Pg. ID 29-73.) The ALJ found that, taken as a whole, the evidence showed that Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525 and 404.1526)." (ALJ Decision, Doc. 6-2, Pg. ID 37.) That some evidence existed in favor of Plaintiff does not overcome the ALJ's finding. *See Coppage v. Berryhill*, No. 1:16-CV-00144, 2017 WL 8640926, at *4 (W.D. Ky. Aug. 11, 2017), *report and recommendation adopted*, 2018 WL 305336 (W.D. Ky. Jan. 5, 2018) ("[T]he undersigned does not conduct a de novo review of the record, and an ALJ's findings are not subject to reversal for the sole reason that substantial evidence could support the opposite finding."). Thus, Plaintiff's first objection lacks merit.

Plaintiff next objects to Magistrate Judge Litkovitz's findings by arguing that the ALJ improperly considered Plaintiff's personal, daily activities as evidence of his ability

2

to do gainful work. (Objections, Doc. 13, Pg. ID 1745.) To be sure, "[a]lthough the ability to [perform activities of daily living] is not direct evidence of an ability to do gainful work, [a]n ALJ may . . . consider [such] activities . . . in evaluating a claimant's assertions of pain or ailments." *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 532 (6th Cir. 2014) (quotation omitted). As noted by Magistrate Judge Litkovitz, "the ALJ properly considered [such] evidence to evaluate [P]laintiff's symptom severity." (Report, Doc. 12, Pg. ID 1737; *see also* ALJ Decision, Doc. 6-2, Pg. ID 29-73.) Thus, Plaintiff's second objection lacks merit.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Plaintiff's objections are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** Magistrate Judge Litkovitz's Report and Recommendation (Doc. 12) in its entirety. The Court **ORDERS** the following:

(1) Plaintiff's Statement of Specific Errors (Doc. 7) is **OVERRULED**;

(2) The Commissioner of Social Security's non-disability finding is **AFFIRMED** and Judgment is **ENTERED** in the Commissioner's favor; and

(3) This matter is hereby **TERMINATED** from the Court's docket.

**IT IS SO ORDERED**.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: /s/ Matthew W. McFarland
MATTHEW W. McFARLAND
UNITED STATES DISTRICT JUDGE